# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

DR. ROLAND I. SAAVEDRA,
        Plaintiff,

     v.                                                 Case No. 12-CV-01220

BOARD OF REGENTS OF
THE UNIVERSITY OF WISCONSIN SYSTEM,
DAVID WARD and ROBERT N. GOLDEN,
        Defendants.

---

## DECISION AND ORDER

Plaintiff Dr. Roland Saavedra sues the Board of Regents of the University of Wisconsin, David Ward, the Interim Chancellor of the University of Wisconsin-Madison ("UW-Madison"), and Robert Golden, the Dean of the UW-Madison School of Medicine and Public Health, for employment discrimination. Plaintiff claims that defendants disciplined him and then terminated him from his position as a resident physician at the UW-Madison School of Medicine because he has dyslexia, ADHD and a learning disability and was unable to pass the final step (step III) of the United States Medical Licensing Examination ("USMLE"). He claims he advised defendants of his disabilities and asked them for the opportunity to take the test again because the USMLE was willing to give him additional time to finish, but defendants refused to make this accommodation. Defendants move to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In response, plaintiff moves to strike the two exhibits attached to defendants' motion before he files his brief in opposition to the motion.

Plaintiff moves to strike the exhibits attached to the motion on the ground that they are not part of the pleadings. Plaintiff is correct that matters outside the pleadings may not be presented to the court on a Rule 12(b)(6) motion to dismiss without converting the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). However, a document is considered part of the pleadings if it is referred to in the complaint and central to plaintiff's claims. *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012). The exhibits at issue here fit these criteria. They are a memo that plaintiff received from his employer on July 28, 2006 and an email he received from his employer on November 1, 2006. These documents are described in paragraphs 12 and 20 of the complaint. Paragraph 12 alleges that, "[o]n or about August 1, 2006, . . . Program Director Kevin O'Connell, MD, directed Program Coordinator Mary Zaglifa to write a memo to plaintiff requiring him to pass and present the results of the USMLE III on or before December 1, 2006." (Am. Compl. ¶ 12, ECF No. 5.) And paragraph 20 alleges that plaintiff requested an extension of the December 1 deadline, but O'Connell denied this request in an email sent to plaintiff on or about November 1, 2006. (*Id.* ¶¶ 19–20.) Since these documents are referred to in the complaint and central to plaintiff's claims of discrimination, I can consider them without converting defendants' motion into a motion for summary judgment.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to strike the exhibits to defendants' motion to dismiss (Docket #14) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff has until **Tuesday, June 25, 2013** to file his brief in opposition to the motion to dismiss.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2013.

                                                 s/ Lynn Adelman
                                                 LYNN ADELMAN
                                                 District Judge